1  COUNSEL LISTED ON LAST PAGES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZOLTAR SATELLITE ALARM SYSTEMS, INC.,<br><br>           Plaintiffs,<br><br>     v.<br><br>MOTOROLA, INC., ET AL,<br><br>           Defendants. | Case No. C 06-00044 JW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS**<br><br>Date:   February 26, 2008<br>Time:   10:00 a.m.<br>Ctrm:   2, 5th Floor<br>Judge:  Hon. Howard R. Lloyd |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In its Opposition, Zoltar urges the Court to exclude highly relevant prior art references that show the invalidity of Zoltar's patents. Zoltar's arguments for exclusion, however, lack legal basis because Defendants recently discovered the prior art references at issue, promptly moved to amend to add the new references into the case, and the addition of the new references will not cause Zoltar undue prejudice.[1] Neither are there limitations in the current Patent Local Rules, as Zoltar alleges, that prevent a party from amending PICs "twice" or from amending to add

---

[1] In addition to the prior art references referred to in Defendant's opening brief, Defendants note that they also seek to add seven additional references that counsel for Motorola recently discovered after the Court issued its First Claim Construction Order, D.I. No. 233, dated December 21, 2007. On or about January 15, 2008, counsel for Motorola discovered these additional references that anticipate most, if not all, of the asserted claims of the Zoltar patents. Upon completing its analysis with regard to these references, counsel for Motorola promptly informed Zoltar of these references on January 24, 2008. Exh. A to the Declaration of Eric Cha ("Cha Decl.") On February 4, 2008, Defendants disclosed to Zoltar Defendants' invalidity contentions based on these references. Cha Decl. at Exh. B. For the Court's reference, the proposed amendment to the PICs based on these references is attached. Cha Decl. at Exh. C. Because Defendants' basis for requesting leave in their moving papers apply equally to these seven additional references, the Defendants also request leave to add these additional references to the PICs.

"traditional" patent-type references. Zoltar provides no reason that warrants exclusion of the newly discovered references.

It is important to consider this issue in context. Claim construction is ongoing. Fact discovery has not begun, at *Zoltar's* insistence. No discovery cut-off, expert disclosure or trial dates have been set.

Given the lack of prejudice, the reason for Zoltar's opposition is clear: the newly discovered prior art references render the asserted claims of Zoltar's patents invalid. Zoltar seeks to prevent the inclusion of these references and avoid invalidation of its patents. The fact that every passing day reveals yet more invalidity art has not escaped Zoltar's notice. This case can be resolved on the merits, considering all relevant art.

## II.   ARGUMENT

### A.   Defendants Have Been Diligent In Searching For Prior Art And Seeking Amendment.

Zoltar asserts that Defendants should not be allowed to amend their preliminary invalidity contentions because Defendants "appear to have left no stone unturned with their original invalidity contentions that rely on 64,000 pages of reference material, span over 1,100 pages of claim charts, and cite to 217 purported references of various sorts." Opp. at 4. But, this only shows the diligence and seriousness with which Defendants approached their original preliminary invalidity contentions. *See Tessera, Inc. v. Advanced Micro Devices, Inc*., No. 05-4063 CW, 2007 WL 1288199, at *1 (N.D. Cal. April 30, 2007) (allowing amendment when defendants already "served their preliminary invalidity contentions, containing 180 references"). Zoltar would find fault on the part of Defendants because of their earlier diligent search for prior art, and for continuing to investigate for more evidence and promptly moving to amend after finding the new evidence. In essence, Zoltar would have the Court freeze Defendants' invalidity case to the evidence that was known and disclosed by Defendants at the time of service of the PICs. But, the Patent Local Rules are not intended, as Zoltar proposes, to operate as a "strait jacket in which litigants are locked from the moment their contentions are served." *Id*. Defendants' continuing investigations for new evidence, and quick action in moving to amend upon discovery of new

evidence, are consistent with how patent cases are to be litigated under this District's Patent Local Rules. *See 02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The local patent rules…[require] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery."). Defendants' request for leave to amend should be granted.[2]

### B.   Zoltar Will Not Be Prejudiced By The Amendment.

What Zoltar attempts to do—exclude highly material evidence—requires a showing of substantial prejudice. *See Zilog, Inc .v. QuickLogic Corp.*, No. 03-03725 JW, 2006 U.S. Dist. LEXIS 12844, at *4 (N.D. Cal. March 6, 2006) (refusing to preclude evidence because "Defendant's purported evidence of bad faith is insufficient to justify depriving Plaintiff of its constitutionally protected right to an adjudication on the merits."); *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000) ("Exclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side."), *citing Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997).  What is clearly lacking, however, in Zoltar's Opposition is any mention of prejudice—actual or otherwise. Zoltar does not make any mention because the fact that Defendants are providing full disclosure even before the start of discovery, before a complete ruling on claim construction, before any expert reports are due, before any summary judgment motions have been filed, and before a trial date has even been set, only work to Zoltar's benefit and not to its prejudice. *See Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp.*, No 04-01830 CRB, 2006 WL 3456607, at *2 (N.D. Cal. Nov. 29, 2006) ("Given that the disputed final invalidity contentions were filed more than fifteen months before the scheduled trial date, it is difficult to imagine what conceivable prejudice might be suffered by the Defendant at trial as a result of the timing of these 'new' invalidity contentions."). That

---

[2] Indeed, in the amended Patent Local Rules to take effect on March 1, 2008, the Northern District provides, as an example, the same situation as Defendants are in here as one of the circumstances that satisfy the good cause requirement : "Amendment of the … Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: … recent discovery of material, prior art despite earlier diligent search."  Cha Decl. at Exh. D at 6.

Zoltar would not suffer any prejudice is determinative to the issue at hand, and the Court should allow the requested amendment. *Asyst Technologies, Inc. v. Empak, Inc.*, No. 98-20451 JF, 2006 WL 3302476, at *7 (N.D. Cal. Nov. 14, 2006) ("Asyst has not identified any particular prejudice it will suffer if Jenoptik in fact is permitted to amend its invalidity defenses and contentions. Accordingly, the Court will permit the requested amendments.").

### C. Courts Readily Allow Amendment For Good Cause.

Zoltar also opposes Defendants' motion based on an unreasonably narrow understanding of the good cause requirement. Zoltar asserts that because Defendants seek to amend an alleged "second" time or because the proposed amendment is based on "traditional" references, Defendants should be precluded from amendment. Contrary to Zoltar's arguments, however, the determinative facts are whether Defendants have been diligent in moving to amend, and whether the amendment would result in undue prejudice to Zoltar. If the answer to the first question is yes, and the answer to the second is no, as is the case here, then the courts readily allow amendment. *See, e.g., Tessera,* 2007 WL 1288199, at *2 ("Allowing them to amend their contentions at this point in the litigation will promote the fair resolution of this cause without causing any prejudice to Plaintiff. Therefore, the Court finds that Defendants have established good cause to amend their preliminary contentions."). *Sick A.G. v. Omron Scientific Tech., Inc.,* No. C-06-2028 CW, 2007 WL 1223675, at *1 (N.D. Cal. April 24, 2007), is instructive:

> Here, the Court recognizes that OSTI amended its preliminary invalidity contentions without first securing a court order. However, the Court would have found good cause because OSTI served its revised contentions more than nine months before the close of discovery and the District Court's claim construction hearing. Further, the new references contained in OSTI's revised contentions were all recently discovered by OSTI. Thus, the goals of full, timely discovery and adequate party notice and information weigh in favor of permitting OSTI to amend its preliminary invalidity contentions.

Zoltar's hypertechnical, and incorrect, reading of the rules and this District's precedents should be rejected.[3]

---

[3] A case in point is Zoltar's attempt at distinguishing *Amersham*. Zoltar says *Amersham* does not support Defendants' request because in *Amersham*, the court only allowed amendment because the request was based on a single foreign reference as opposed to multiple U.S. patent references, and that the request was for amending a first time, and not a second time. Zoltar clearly misses the point. The point of *Amersham* is that it is understandable that a diligent search may not uncover all prior art because "realistically, the party defending against an infringement

### 1. There is no limitation that a party can only amend their PICs once.

Zoltar asserts that highly relevant evidence should be precluded because Defendants seek to amend an alleged "second" time. Opp. at 4. Defendants, however, did not amend previously under the Patent Local Rules, but joined in and adopted Samsung's PICs pursuant to the Court's Scheduling Order. *See* Cha Decl. at Exh. E. In the Scheduling Order entered on June 19, 2007, the Court modified the existing schedule for case management purposes after the late appearance of the Samsung entities. The modified schedule specifically allowed that all defendants in the case should serve their PICs at the same time by July 2, 2007 so that all defendants could proceed on the same track. Although Defendants had served their PICs under the old schedule, because Defendants became aware of additional art, and Samsung's PICs would include the additional prior art references, Defendants joined in Samsung's PICs. In fact, at the time, Zoltar agreed that Defendants were entitled to join in and adopt Samsung's PICs as their own pursuant to the Scheduling Order and without moving to amend. *See* Cha Decl. at Exhs. F & G.

Notwithstanding that Zoltar makes much ado about this alleged "second" amendment to the PICs, it actually is of no real import. The only limit that the Patent Local Rules provide is that amendment of preliminary invalidity contentions be for good cause. *See* Patent L.R 3-7 ("Amendment or modification of the Preliminary … Invalidity Contentions, may be made only by order of the Court, which shall be entered only upon a showing of good cause."). But, imposing a numerical limit as Zoltar urges would be counter to the Patent Local Rules. The courts require that a party move to amend with diligence to establish good cause. *See O2 Micro.*, 467 F.3d at 1365-66, *supra*. The requirement of diligence contemplates that there will be situations warranting multiple amendments—otherwise, a party seeking to move to amend all at once at a later stage of the case would be at risk of being found to have not been diligent. *See Trimble*

---

(continued…)

claim may have to supplement his initial disclosures of prior art, and amend the required response chart, if his investigation is to unearth all potential prior art…To conduct a world-wide search, locate and disclose all potential prior art bearing on the patent-in-suit…and serve the response chart within 60 days after service of the claim chart – on pain of being precluded from using the information in the lawsuit – is a daunting task." *Amersham*, 190 F.R.D. at 648. Zoltar's unsupported reading of *Amersham* should be rejected.

*Navigation Ltd. v. RHS Inc.*, No. 03-1604 PJH, 2007 WL 2457512 (N.D. Cal. Aug. 27, 2007) (granting leave to amend ***second*** supplemental preliminary invalidity contentions because defendants demonstrated good cause).  Zoltar's opposition to Defendants' request for leave is baseless.

### 2. There is no limitation that PICs can only be amended based on non-patent-type references.

Further, the courts in the Northern District of California do not require that all "traditional types of prior art, such as scholarly articles and patents" must be included at time of service of PICs or risk preclusion. Opp. at 6. Zoltar cites to the *Yodlee* decision for support, but misconstrues this decision. The *Yodlee* case involved amendments to ***final*** invalidity contentions, but, here it involves ***preliminary*** invalidity contentions. This distinction notwithstanding, the *Yodlee* court would have allowed CashEdge to amend with "traditional" patent-type references even at the final invalidity contentions stage if good cause could have been established for those references. *Yodlee, Inc. v. CashEdge, Inc.*, No. 05-01550 SI, 2007 U.S. Dist. LEXIS 58872 at *9 (N.D. Cal. Aug. 6, 2007) ("CashEdge, Yodlee argues, fails to show good cause for adding these non-web-based prior art references, at this late stage in the case. The Court agrees with Yodlee. As discussed above, the Patent Local Rules require 'a showing of good cause' for the amendment of final invalidity contentions. 'Good cause' must include some evidence of a party's diligence, and an explanation for why an amendment was not included in the original.") (internal citations omitted). However, CashEdge only established diligence with regard to the web-based art when moving to amend, and in view of CashEdge's unilateral addition of the patent-type references, the lack of any explanation for the addition, and the late stage of the case, the Court refused addition. *See generally id.* at *5-10.  The facts of *Yodlee* are much different than in the instant motion.

The only requirement under the Rules is that good cause be shown for amendment. *See* Patent L.R. 3-7 ("Amendment … of…the Preliminary Invalidity Contentions … shall be entered only upon a showing of good cause."); *see also Tessera*, 2007 WL 1288199, at *2 (granting leave to amend based on nine references and not making any distinctions between the types of

references that were granted leave for amendment).  Defendants have established the requisite good cause and are entitled to amend.

## IV.     CONCLUSION

For the reasons provided in Defendants' moving papers, supporting declarations and exhibits, Defendants request that leave to amend their Patent Local Rule 3-3 preliminary invalidity contentions be granted to include the newly discovered prior art references.

Dated:                                                          Respectfully submitted,

**ATTORNEYS FOR DEFENDANT**            /s/ Tharan Gregory Lanier
**Motorola, Inc.**                                     Tharan Gregory Lanier (SBN 138784)
                                                                  tglanier@jonesday.com
                                                                  Eric Cha (SBN 204538)
                                                                  echa@jonesday.com
                                                                  Iman Lordgooei (SBN 251320)
                                                                  ilordgooei@jonesday.com
                                                                  **Jones Day**
                                                                  1755 Embarcadero Road
                                                                  Palo Alto, CA  94303
                                                                  Telephone:      (650) 739-3939
                                                                  Facsimile:       (650) 739-3900


**ATTORNEYS FOR DEFENDANT**            /s/ Mark M. McGrory
**Sprint Corporation**                             Mark M. McGrory (admitted *pro hac vice*)
                                                                  **Rouse Hendricks German May PC**
                                                                  1010 Walnut St., Ste. 400
                                                                  Kansas City, MO 64106
                                                                  Tele: (816) 471-7700
                                                                  Fax: (816) 471-2221
                                                                  Email:  markm@rhgm.com

                                                                  Nathaniel Bruno (CA Bar No. 228118)
                                                                  **Sheppard Mullin Richter & Hampton LLP**
                                                                  Four Embarcadero Center, 17th Floor
                                                                  San Francisco, CA 94111-4106
                                                                  Tele: (415) 434-9100
                                                                  Fax: (415) 434-3947
                                                                  Email: nbruno@smrh.com