*E-FILED 4/2/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZOLTAR SATELLITE ALARM SYSTEMS, INC., <br><br> Plaintiff, <br> v. <br><br> MOTOROLA, INC., et al., <br><br> Defendants. | No. C06-00044 JW (HRL) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS** <br><br> **[Re: Docket No. 226]** |

The parties presently are before the court on the "Motion for Leave to Amend Preliminary Invalidity Contentions" filed by defendants Motorola, Inc. ("Motorola") and Sprint Corporation ("Sprint"). Plaintiff Zoltar Satellite Alarm Systems, Inc. ("Zoltar") opposed the motion. The matter was referred to the undersigned for disposition. This court finds it appropriate to rule without oral argument, and the April 8, 2008 motion hearing is vacated. *See* Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants the motion.

**I. BACKGROUND**

This is an action for alleged patent infringement. Zoltar says that it is the owner of the four patents-in-suit[1] which concern wireless personal alarm units and systems that can determine whether to sound an alarm based on environmental indicators. Zoltar filed its

---

[1] The patents-in-suit are U.S. Patent Nos. 5,650,770 (the "'770 Patent"), 5,963,130 (the "'130 Patent"), 6,198,390 (the "'390 Patent") and 6,518,889 (the "'889 Patent").

1   complaint in the Eastern District of Texas in June 2005. The case subsequently was transferred
2   to this district on January 1, 2006. Although a number of defendants originally were named in
3   this lawsuit, Motorola and Sprint are the only ones that remain.

4   Pursuant to the parties' stipulation and subsequent order of court, defendants'
5   preliminary invalidity contentions ("PICs") were due by March 5, 2007. The court later
6   approved the parties' stipulation extending that deadline to April 5, 2007. Defendants timely
7   served their PICs. Then, the following month, defendants advised Zoltar that they wished to
8   amend their PICs to include additional prior art references. They filed their first motion for
9   leave to do so on June 4, 2007. At around this time, the court extended the deadline for the
10  service of defendants' PICs to July 2, 2007, evidently to accommodate the addition of the
11  Samsung defendants (who have since been dismissed). Samsung's PICs reportedly included the
12  same references which were the subject of defendants' then-pending motion for leave to amend.
13  Because Zoltar did not oppose defendants' joinder and adoption of Samsung's PICs, that
14  motion was withdrawn.

15  After the parties filed their respective claim construction statements, the court held a
16  claim construction hearing on September 28, 2007. On December 21, 2007, the court issued its
17  First Claim Construction Order as to the '770 Patent. On February 4, 2008, at the court's
18  direction, the parties filed a Joint Case Management Statement with revised claim construction
19  charts as to their positions on the remaining claims to be construed. On February 7, 2008, the
20  court vacated the February 11, 2008 case management conference, indicating that it has all the
21  information it needs to proceed to the second round of claim construction.

22  Defendants say that they have, in the meantime, continued their investigation and
23  analysis of relevant prior art and discovered fifteen U.S. patents that they wish to add to their
24  PICs. Specifically, Motorola says that, on October 2, 2007, it became aware of two of the
25  references at issue; and, between October 30, 2007 and November 15, 2007, it became aware of
26  six more. Defendants disclosed them (along with their proposed amended PICs) to Zoltar on
27  November 21, 2007. On December 6, 2007, Zoltar advised that it would not agree to
28  defendants' proposed amendment, and the instant motion followed two days later. In their reply

2

1 brief, defendants advise that, on January 15, 2008, they discovered seven more patents. On
2 January 24, 2008, they informed Zoltar of them and then, on February 4, 2008, disclosed their
3 invalidity contentions based on those references.

## II. DISCUSSION

Under the court's Patent Local Rules,[2] a party opposing a claim of patent infringement serves its PICs before claim construction and then may amend them without leave of court under certain circumstances as "Final Invalidity Contentions" after claim construction. *See* Pat. L.R. 3-6(b). Otherwise, "[a]mendment or modification of the [PICs] . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." *See* Pat. L.R. 3-7.

These rules were designed to require parties to specify their contentions early in the litigation, to prevent the parties from pursuing a "'shifting sands' approach to claim construction" (*see LG Elecs. Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) and "to balance the right to develop new information in discovery with the need for certainty as to the legal theories" (*O2 Micro Int'l Limited v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). The parties' ability to amend their contentions therefore is restricted. *See O2 Micro Int'l Limited*, 467 F.3d at 1359-60. "Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for 'good cause' even though the period allowed for discovery typically will not have expired." *Id.* at 1360. "Good cause" requires a showing of diligence. *Id.* at 1366. "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

Nevertheless, judges in this district have recognized that the Patent Local Rules are "not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset." *Comcast Cable*

---

[2] The court's revised Patent Local Rules took effect on March 1, 2008 and govern patent cases filed on or after that date. The provisions of the Patent Local Rules which were in effect on February 29, 2008 continue to apply to the instant action. *See* Pat. L.R. 1-4.

3

1 *Communications Corp., LLC v. Finisar Corp.*, No. C06-04206, 2007 WL 716131 at *2 (N.D.
2 Cal. Mar. 2, 2007); *see also Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C05-4063, 2007
3 WL 1288199 at *2 (N.D. Cal. Apr. 30, 2007) (considering the timing and impact of amendment
4 on other case deadlines).

5      In this case, there is no suggestion that defendants have "sat on their hands" with respect
6 to their prior art research. Indeed, Zoltar says that, if anything, defendants have pursued a
7 "scorched earth policy" in which they have endeavored to leave no prior art stone unturned.
8 For their part, defendants argue that they have shown good cause because they have diligently
9 investigated the prior art and promptly brought the references in question to Zoltar's and the
10 court's attention after they were discovered.

11      Nonetheless, Zoltar argues that defendants have already had an inordinately long period
12 of time (i.e., over two years) in which to research the relevant prior art and formalize their
13 invalidity contentions. It contends that there is no reason why they could not have found the
14 additional fifteen publicly available references in time to include them in their PICs served on
15 April 5, 2007 or the PICs served in July 2007. It believes that defendants' invalidity
16 contentions are already too voluminous and says that enough is enough. Defendants protest that
17 the research and analysis of prior art is an art, not a science. They say that the additional
18 references in question are material and implicate the important public interest in having patent
19 invalidity issues decided on the merits.

20      On the one hand, this case is not at its outset. The first round of claim construction is
21 done. The second round of claim construction apparently is underway. On the other hand,
22 patent invalidity issues do have important public interest implications. *See Fresenius Med.*
23 *Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-01431, 2006 WL 1329997 at *6 (N.D. Cal.,
24 May 15, 2006) (citing *Nestier Corp. v. Menasha Corporation-Lewisystems Div.*, 739 F.2d 1576,
25 1581 (Fed. Cir. 1984)). Moreover, Zoltar has not identified or even articulated how, if at all, it
26 will be prejudiced if the amendment is allowed. The parties report that they have not yet begun
27 discovery, and the court has not set discovery deadlines or a trial date. Under different
28 circumstances, defendants' mantra as to the ongoing nature of their prior art investigation might

4

not carry the day. Although they seem to suggest that their research is potentially endless, it must come to an end at some point. However, in view of the facts presented here, the court concludes that amendment will advance fair resolution of the issues on the merits without prejudice to Zoltar. Accordingly, amendment will be allowed.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendants' motion for leave to amend their PICs is GRANTED.

Dated:   April 2, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:06-cv-44 Notice has been electronically mailed to:**

Lina M. Brenner lmbrenner@duanemorris.com, bmcoffey@duanemorris.com

Nathaniel Bruno nbruno@sheppardmullin.com, jgorsi@sheppardmullin.com

Jingming James Cai jcai@flglawyer.com

Eric Cha echa@jonesday.com, lkeith@jonesday.com

Chris N. Cravey ccravey@wmalaw.com, mdunglinson@wmalaw.com, nnolan@wmalaw.com

Keith B. Davis kbdavs@jonesday.com, jcook@jonesday.com

John J. Feldhaus jfeldhaus@foley.com

Hilda C. Galvan hcgalvan@jonesday.com, jcook@jonesday.com

Robert T. Haslam , III Robert.Haslam@hellerehrman.com, christine.chen@hellerehrman.com, robin.ramirez@hellerehrman.com

Wayne Michael Helge whelge@park-law.com, patent@park-law.com

Steven R. Katz katz@fr.com, kps@fr.com

Tharan Gregory Lanier tglanier@jonesday.com, snakanomcswain@jonesday.com

Iman Lordgooei ilordgooei@jonesday.com

Shelley Kay Mack mack@fr.com, pearson@fr.com

Michael Myles Markman mmarkman@hewm.com

Mark William McGrory markm@rhgm.com

Michael J. McKeon mckeon@fr.com, west@fr.com

Howard B. Miller hmiller@girardikeese.com

Andrew Ellis Monach amonach@mofo.com, jgrady@mofo.com

David Baxter Moyer davidbmoyer@yahoo.com

Choongsoo Park park@fr.com, haynes@fr.com

Hae-Chan Park hpark@park-law.com, patent@park-law.com

Michael Kenneth Plimack mplimack@hewm.com

Joshua Burrill Pond pond@fr.com, pettipas@fr.com

Mark N. Reiter mnreiter@jonesday.com, jlgraham@jonesday.com

Lawrence A Rouse larryr@rhgm.com, leea@rhgm.com, timr@rhgm.com

Ron Schlager LeglBeagl1@AOL.com

Anthony Hyeok Son , Esq Ason@foleylaw.com

Michael Junwhan Song msong@foley.com, cphilips@foley.com, jpung@foley.com, smurthy@foley.com

Aaron Benjamin Thacker aaron.thacker@hellererhman.com

Amy Kathleen VanZant avanzant@hewm.com

Jaideep Venkatesan jay.venkatesan@hellerehrman.com, jocelyn.koch@hellerehrman.com

Danny L. Williams danny@wmalaw.com, mdunglinson@wmalaw.com, mpaul@wmalaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.